IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARY L. MARTIN, LTD.   *

    Plaintiff,   *

    v.   *   Civil Action No. 13-01089

STATE AUTO PROPERTY AND   *
CASUALTY INSURANCE COMPANY
       *

    Defendant.   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

Plaintiff Mary L. Martin, Ltd. ("Plaintiff") has brought this action arising out of Defendant State Auto Property and Casualty Insurance Company's ("Defendant") fulfillment of an insurance claim. Plaintiff alleges that Defendant breached its insurance contract by paying less than the full value of the loss Plaintiff suffered. Before this Court is Plaintiff's Motion to Remand (ECF No. 12) this action to the Circuit Court for Cecil County, Maryland. Plaintiff argues that this Court cannot exercise diversity jurisdiction over this case, because the amount in controversy is less than $75,000, the jurisdictional amount required by 28 U.S.C. § 1332(a).

The Court has reviewed the submissions by both parties and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Plaintiff's Motion to Remand (ECF No. 12) is GRANTED. Accordingly, this Court REMANDS this action to the Circuit Court for Cecil County, Maryland.

## BACKGROUND

Plaintiff Mary L. Martin, Ltd. is a Maryland corporation engaged in the sale of antique postcards. Pl.'s Compl. ¶ 2, ECF No. 2. Defendant State Auto Property and Casualty Insurance

Company is an Iowa corporation whose principal place of business is in Ohio. *See* Pl.'s Mot. to Remand 1, ECF No. 12. Plaintiff maintained a business owner's insurance policy with Defendant that covered casualty and damage to Plaintiff's business and personal property, including its antique postcards. *See* Pl.'s Compl., Ex. 1. On or about March 13, 2010, a rainstorm damaged approximately 168,000 of Plaintiff's postcards, prompting Plaintiff to file an insurance claim with Defendant. *Id.* ¶¶ 6, 7. Plaintiff claims that each postcard is worth between fifty and seventy cents. *Id.* ¶ 6. After investigating the insurance claim, Defendant paid Plaintiff $13,448.72—approximately eight cents per postcard—under the business personal property coverage of the insurance policy. *Id.* ¶ 8.

On March 13, 2013, Plaintiff filed its Complaint in the Circuit Court for Cecil County, Maryland, alleging that Defendant failed to fully compensate Plaintiff for the value of the damaged postcards. *Id.* ¶ 9. Specifically, Plaintiff seeks an additional $70,551.28,[1] plus attorney's fees. *Id.* On April 11, 2013, Defendant removed this action to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. *See* Notice of Removal, ECF No. 1.

On April 18, 2011, Plaintiff filed the pending Motion to Remand (ECF No. 12) this action to the Circuit Court for Cecil County, Maryland. Plaintiff argues that the amount in controversy does not exceed $75,000, which is required for this Court to have subject matter jurisdiction on the basis of diversity under 28 U.S.C. § 1332(a). After review, this Court finds that the amount in controversy in this case is less than $75,000. Accordingly, Plaintiff's Motion to Remand (ECF No. 12) is GRANTED, and this action is REMANDED to the Circuit Court for Cecil County, Maryland.

---

[1] Plaintiff avers that it has suffered a total loss of $84,000. It reached this figure by multiplying 168,000, the number of postcards damaged in the storm, by fifty cents per postcard, Plaintiff's lower estimate of each postcard's value. *See* Pl.'s Compl. ¶ 6. In its Complaint, Plaintiff seeks $70,551.28 in damages, because it argues that Defendant has paid only $13,448.72 of the $84,000 in lost value that it suffered.

## STANDARD OF REVIEW

It is well settled that the burden of establishing federal jurisdiction rests with the party seeking removal. *See, e.g., Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction raises "significant federalism concerns," and therefore must be strictly construed. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting *Mulcahey*, 29 F.3d at 151). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F.3d at 151 (citations omitted). This strict policy against removal and for remand protects the sovereignty of state governments and state judicial power. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

## ANALYSIS

The removal of a case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a), requires that the amount in controversy exceed $75,000. In general, the amount in controversy is determined by the "face of the pleadings." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Plaintiff argues that the amount in controversy is below the $75,000 jurisdictional requirement, because it seeks only $70,551.28 in damages. *See* Pl.'s Mot. to Remand 2. Defendant, however, counters that Plaintiff has alleged damages in its Complaint in excess of $75,000 and that Plaintiff's request for attorney's fees should be included in the amount in controversy. *See* Def.'s Resp. 3-7.

This Court addresses both of Defendant's arguments. First, it finds Plaintiff has not claimed an amount of damages greater than that specified in the Complaint. Second, it determines that Plaintiff's request for attorney's fees should not be included in the amount in controversy. Accordingly, as the amount in controversy does not exceed $75,000, this Court GRANTS Plaintiff's Motion to Remand.

I.  **The Total Alleged Damages**

Plaintiff claims that the amount in controversy in this case is $70,551.28, which is the amount it seeks in its Complaint against Defendant. *See* Pl.'s Mot. to Remand 2. In its Complaint, Plaintiff assesses the value of each damaged postcard as being between fifty and seventy cents and alleges that 168,000 postcards were damaged. Pl.'s Compl. ¶ 6. Plaintiff derives its loss figure of $70,551.28 figure by multiplying 168,000 by fifty cents and subtracting the amount that Defendant has already paid to Plaintiff, $13,448.72. *Id.* On the other hand, Defendant asserts that Plaintiff has miscalculated its alleged damages in its Complaint, and that a proper calculation of the damages results in an amount in controversy that exceeds $75,000. *See* Def.'s Resp. 2-3. Specifically, Defendant argues that Plaintiff has placed $104,151.28 in controversy, because Plaintiff has alleged that each individual postcard is worth up to seventy cents. *See* Def.'s Resp. 2.

The Supreme Court has held that, for purposes of establishing the amount in controversy for diversity jurisdiction, "the sum claimed by plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury*, 303 U.S. at 289; *see also Dow v. Jones*, 232 F. Supp. 2d 491, 497-98 (D. Md. 2002) ("It is well established that the sum claimed in the plaintiff's complaint determines the amount in controversy, barring bad faith or the legal impossibility of recovering such an amount."). If the defendant disputes the amount claimed by the plaintiff, the defendant has the burden of establishing to a "legal certainty" that the plaintiff has not properly alleged damages in the action. *St. Paul Mercury*, 303 U.S. at 289. Furthermore, the Supreme Court has held that a plaintiff with a claim potentially exceeding $75,000 "may resort to the expedient of suing for less than the jurisdictional amount, and though [the plaintiff] would justly be entitled to more, the defendant cannot remove." *Id.* at 294.

In the present case, Defendant does not meet its burden in proving that Plaintiff has not properly alleged its damages. While Defendant points to the Complaint's statement that each postcard is allegedly worth up to seventy cents, it does not show to a "legal certainty" that Plaintiff's alleged damages exceed $75,000. *Id.* at 289. Instead, Defendant merely asserts that "Plaintiff has put in excess of $75,000 in controversy" by valuing the postcards at fifty to seventy cents each. Def.'s Resp. 2. First, Defendant does not suggest that Plaintiff has acted in bad faith in alleging the damages that it seeks to recover for Defendant's alleged breach of contract. *See St. Paul Mercury*, 303 U.S. at 289. Furthermore, under *St. Paul Mercury*, it is within Plaintiff's discretion to allege a lower amount of damages, even if it is entitled to more. *See id.* at 294; *see also Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006) ("The Supreme Court has long held that plaintiffs may limit their claims to avoid federal subject matter jurisdiction."). By calculating damages based on the postcard value of fifty cents, Plaintiff decided to sue for less than that amount to which it would be entitled, conduct which the Supreme Court expressly contemplated and approved in *St. Paul Mercury*. *See* Pl.'s Reply 2.

In response, Defendant asserts that Plaintiff's *ad damnum* clause[2] does not control the amount in controversy. *See* Def.'s Resp. 2-3. Defendant cites this Court's decision in *Edelmann v. Travelers Insurance Co. of Hartford, Connecticut*, 21 F. Supp. 209 (D. Md. 1937), as authority for the proposition that when there is a conflict between the *ad damnum* clause and "other declarations" made in a complaint a court must disregard the *ad damnum* clause and determine the alleged damages based on the facts in the complaint. *Id.* In *Edelmann*, however, this Court addressed a situation where it "clearly appear[ed] from the plaintiff's declaration that the maximum amount recoverable in the suit [was] less than [the jurisdictional requirement]." 21 F.

---

[2] An *ad damnum* clause is a statement in a civil complaint that specifies the amount of damages that the plaintiff is seeking to recover. In this case, Plaintiff's *ad damnum* clause asserts $70,551.28 in damages.

5

Supp. at 210 (citing *Lee v. Watson*, 68 U.S. 337 (1863); *Vance v. W.A. Wondercook Co.*, 170 U.S. 468 (1898); and *Lion Bonding & Sur. Co. v. Karatz*, 262 U.S. 77 (1923)). In this case, there is no conflict between Plaintiff's *ad damnum* clause and the facts stated in the Complaint, because Plaintiff alleges an amount of damages based on its estimated value of the damaged postcards. While Defendant asserts that Plaintiff's higher estimate of the individual postcard value should control the amount in controversy, this argument is foreclosed by *St. Paul Mercury*, which allows Plaintiff to sue for less than the maximum amount that it can recover. 303 U.S. at 294. Therefore, Defendant fails in its claim that Plaintiff's *ad damnum* clause does not determine the amount in controversy in this case.

In sum, the Plaintiff has claimed damages of less than $75,000. There is simply no basis for this Court to question this amount.

II. **Whether Plaintiff's Request for Attorney's Fees Should Be Included in the Amount in Controversy**

Secondarily, Defendant argues that the attorney's fees requested by Plaintiff in its Complaint should be included as part of the amount in controversy in this action. Those fees, Defendant maintains, would push the amount in controversy over the $75,000 threshold for diversity jurisdiction. *See* Def.'s Resp. 3-5.

Generally, attorney's fees are not included in the amount in controversy, except when the fees are provided for by statute or contract. *Francis v. All State Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013). Plaintiff argues that attorney's fees should not be included, because it is suing Defendant for breach of contract. *See* Pl.'s Compl. ¶ 9. Defendant, however, construes Plaintiff's allegation of bad faith[3] as stating a cause of action under Maryland's bad faith statute

---

[3] In its Complaint, Plaintiff alleges that "State Auto approved [its] Claim, but after significant delay, a lack of good faith investigation of the Claim and threats and harassment to the Plaintiff, it failed, declined

for insurance claims, Md. Code. Ann., Cts. & Jud. Proc. § 3-1701. *See* Def.'s Resp. 4. Because section 3-1701 provides for attorney's fees, Defendant argues that Plaintiff's request for such fees should be included in the amount in controversy. *See id.*

Defendant's argument fails, because it does not show that Plaintiff has made a statutory claim in its Complaint. The Complaint alleges only one count—breach of contract. Furthermore, Plaintiff's claim for damages in this case relates directly to the value of the damaged postcards; Plaintiff does not seek additional damages due to Defendant's alleged bad faith. *See id.* ¶ 6. Finally, while Plaintiff accuses Defendant of "lack of good faith" in its investigation of the insurance claim, the Complaint is devoid of any references to section 3-1701, and Plaintiff has denied that it intended to assert such a claim. *See* Pet'r's Reply 4. Defendant's argument that Plaintiff has asserted a bad faith insurance claim is tenuous at best, and this Court will not refashion the Complaint when Plaintiff has specifically laid out a breach of contract claim.

Defendant relies upon this Court's opinion in *Munoz v. Baltimore County*, No. 11-02693, 2012 WL 3038602 (D. Md. July 25, 2012), for the proposition that this Court may construe Plaintiff's bad faith allegation as a formal statutory claim, despite the fact that Plaintiff does not specifically cite the relevant statute or assert the claim. *See* Def.'s Resp. 5. In *Munoz*, the plaintiff submitted a complaint that this Court found to be "confusing in a number of respects," because it was difficult to determine the theories of recovery upon which the plaintiff was relying. 2012 WL 3038602, at *9. After careful consideration of the complaint, this Court found that the plaintiff sought to sue under a theory of retaliation provided by the Americans with

---

and refused to compensate [Plaintiff] for the replacement and actual loss value required by the insurance Policy, in material breach of the same." Pl.'s Compl. ¶ 8.

Disabilities Act, even though the plaintiff did not expressly state as such in the complaint. *See id.*

Defendant misapplies the facts of *Munoz* to the present case. Unlike the complaint in *Munoz*, Plaintiff's Complaint does not lack clarity. Rather, the Complaint plainly alleges that Defendant has violated the terms and conditions of the Plaintiff's insurance policy by failing to fully compensate Plaintiff for the damaged postcards. *See* Pl.'s Compl. ¶¶ 8-9. Plaintiff's cause of action is simply one for breach of contract and not a bad faith insurance claim. Accordingly, Plaintiff's request for attorney's fees in its Complaint does not affect the amount in controversy. Because the amount in controversy does not exceed $75,000, this Court remands this case for lack of diversity jurisdiction.

## CONCLUSION

For the reasons stated above, this Court finds that the amount in controversy in this action falls below the $75,000 threshold required for diversity jurisdiction under 28 U.S.C. § 1332(a). Therefore, Plaintiff's Motion to Remand (ECF No. 12) is GRANTED, and this case is REMANDED to the Circuit Court for Cecil County, Maryland.

A separate Order follows.

Dated: May 17, 2013

/s/ Richard D. Bennett
Richard D. Bennett
United States District Judge